**Eugene L. INSKEEP, Jr., Plaintiff–Appellant,**

v.

**CH₂0 INC.; Anthony McNamara; Carl Iverson; Joyce Prindle, Defendant–Appellees.**

No. 00–35136.

D.C. No. CV–98–05503–JKA.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2001.*

Decided Sept. 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BOOCHEVER, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Eugene L. Inskeep, Jr. sued $CH_2O$ Inc. for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., after the company fired him. The district court granted judgment as a matter of law for $CH_2O$ after Inskeep presented his case to the jury, because although he had established a prima facie case and introduced evidence of pretext, he had not put forth evidence that age motivated the decision to fire him. We reverse.

A court may grant a motion for judgment as a matter of law "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. Pro. 50(a)(1). We review de novo the

grant of a motion for a judgment as a matter of law. *EEOC v. Pape Lift, Inc.,* 115 F.3d 676, 680 (9th Cir.1997).

The district court in this case stated that although Inskeep established his prima facie case and presented testimony that $CH_2O$'s purported reasons for firing him were pretextual, he had to "go one step further and present some evidence of intent to discharge him based on his age." But such evidence of intent to discriminate based on age is not always required. Under the framework articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and explained in *Reeves v. Sanderson Plumbing Prods. ., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), Inskeep had the burden to produce evidence to establish a prima facie case showing (1) when he was fired, he was within the class protected by the ADEA (employees over 40); (2) he was otherwise qualified for the job; (3) he was discharged; and (4) he was replaced by a person under 40. *Id.* at 142, 120 S.Ct. 2097.

The burden of production then shifted to $CH_2O$ to produce evidence that it fired Inskeep for "a legitimate, nondiscriminatory reason." *Id.* Once the company did so, Inskeep then had to prove by a preponderance of the evidence that the legitimate, nondiscriminatory reason advanced by $CH_2O$ was a pretext for discrimination. *Id.* at 143, 120 S.Ct. 2097.

█ Even if Inskeep did no more than prove that his employer's explanation was false, that alone is sometimes sufficient to survive a motion for judgment as a matter of law, because

> it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's ex-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

planation.... Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.

*Id.* at 147–48, 120 S.Ct. 2097 (emphasis in original); *see also Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1127 (9th Cir.2000) (same, quoting *Reeves* ). In this case, the district court erred in concluding that Inskeep's prima facie case and evidence of pretext were not sufficient to defeat a motion for judgment as a matter of law. Inskeep was not required to present direct evidence of age discrimination.

Although the court was entitled to weigh the strength of Inskeep's prima facie case and his evidence of pretext in deciding the motion for judgment as a matter of law, *Reeves,* 530 U.S. at 148–49, 120 S.Ct. 2097, the district court did not make any findings on the record that Inskeep's prima facie case was weak or that his evidence of pretext was insufficient. Inskeep presented evidence that the restructuring explanation for his firing was false, and presented the testimony of two former employees that he was not disruptive. He thus raised questions of material fact regarding the truth of the legitimate, nondiscriminatory reasons $CH_2O$ advanced for firing him. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1287 (9th Cir.2000) (to survive summary judgment, plaintiff's burden is to produce enough evidence to allow reasonable factfinder to conclude that the alleged reason for discharge was false), *cert. denied,* —— U.S. ——, 121 S.Ct. 2592, 150 L.Ed.2d 751 (2001).

We therefore reverse the district court's grant of judgment as a matter of law.

REVERSED AND REMANDED FOR TRIAL.